## EDWARD WARD *vs.* WILLIAM HILL.

The ordering of an issue to a jury in a suit in equity, upon the application of the plaintiff, is within the discretion of the presiding judge, and not open to exception.

A plaintiff, electing to proceed in equity, instead of at law, under Rev. Sts. c. 35, § 8, to recover usurious interest, does not thereby waive his right to ask for a trial by jury.

BILL IN EQUITY filed at October term 1852, under Rev. Sts. *c.* 35, § 3, by the assignee of an insolvent debtor, to recover threefold the amount of usurious interest paid by the debtor to the defendant. The bill did not waive the defendant's oath to the answer. After the filing of an answer under oath, denying the usury, and of a general replication, the case came on for a hearing at April term 1855, before *Bigelow*, J., who made the following report thereof:

"The plaintiff moved that issues might be ordered to be sub-

50 *

mitted to the jury for trial. To this the defendant objected, on the ground that the plaintiff had no legal right to have any issues of fact tried in the case. The court, being of opinion that the plaintiff was entitled to have the issues of fact tried by the jury, ordered that they be framed. To this order the defendant ex-cepts."

*S. Bartlett,* for the defendant. Assuming the right of a de-fendant in equity to be established to claim a trial by jury of issues of fact, it is equally well settled that this right may be waived. *Charles River Bridge* v. *Warren Bridge,* 7 Pick. 367.

If a defendant may waive his right to a trial by jury, it is clear that a plaintiff may. And this plaintiff has done so. He had an election, by the Rev. Sts. *c.* 35, § 3, to proceed at law or in equity, and having elected to proceed in equity, without waiv-ing the defendant's oath, and thereby obtained the advantage of sifting the defendant, he should not now be allowed to deprive the defendant of the benefit of the oath to his answer, and in effect go back to a court of law, especially at this stage of the cause. *Chace* v. *Holmes,* 2 Gray, 431. *Burras* v. *Looker,* 4 Paige, 227. A plaintiff who elects his own form of remedy has not the same right to a jury, as a defendant, who does not have that privilege. *Marston* v. *Brackett,* 9 N. H. 349. *Dodge* v. *Griswold,* 12 N. H. 575.

If it is in the discretion of the court, after a waiver, to allow a new election, the court will not exercise that discretion in favor of the plaintiff in this suit, being one of a nature to which the most rigid rules are applicable. *Wiley* v. *Yale,* 1 Met. 553. Courts of equity are always very cautious of directing issues to a jury, especially because of the difficulty of giving the answer its full weight as evidence. *Beaumont* v. *Bramley,* Turn. & Russ. 55. *Savage* v. *Brocksopp,* 18 Ves. 337. *East India Co.* v. *Donald,* 9 Ves. 275. And the issues, when found, are not conclusive, but the court will send for minutes of judges and counsel. Gresley Eq. Ev. 527.

If issues are submitted to a jury, it should be with special directions as to the weight to be given to the answer. Gresley Eq. Ev. 525, 626.

*J. G. Abbott,* for the plaintiff. This interlocutory order, passed in the course of the trial, is upon a matter within the discretion of the presiding judge, and not a subject of exception. *Dale* v. *Roosevelt,* 6 Johns. Ch. 257. 2 Dan. Ch. Pract. 1289.

But if a subject of exception, this is peculiarly a case where an issue to a jury should be framed. Where facts are in dispute, the court will, as a general rule, submit them to a jury, upon the application of either party. *Charles River Bridge* v. *Warren Bridge,* 7 Pick. 367. *Marston* v. *Brackett,* 9 N. H. 349. *Tappan* v. *Evans,* 11 N. H. 334. *Dodge* v. *Griswold,* 12 N. H. 573. The election of the right to proceed in equity, instead of at law, carries with it all the attending incidents, one of which is the right to apply to the discretion of the court to frame issues to the jury. Taking the answer under oath is no objection to framing such issues; for in England all answers are under oath. The issues could not have been moved for earlier; for the plaintiff could not know what issues were to be tried.

There is no difficulty in giving full effect to the answer as evidence; for the rules of evidence, or the amount of proof required, are the same, whether the issue be tried by the jury or by the court.

SHAW, C. J. We suppose it well established as a rule of chancery that, on a hearing, an issue to try a matter of fact will be ordered or not, according to the sound judicial discretion of the court.

By the statute under which this suit is brought, an option is given to the plaintiff to proceed by bill in equity, or by action at law. Rev. Sts. *c.* 35, § 3. We think that when he elects to proceed by bill in equity, he has the full benefit of that remedy, with all its incidents; and that an election to proceed by bill in equity is no waiver of his right to ask for a trial by jury, where in other respects he would be entitled to it. It remained therefore for the judge, at the hearing, to decide on the motion of the plaintiff for an issue, and such interlocutory order is not open to exception. *Exceptions overruled.*